UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA NINO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK N.A., et al.,<br><br>　　　　Defendants. | No.  1:20-cv-00306-AWI-SKO<br><br>ORDER RE: PROPOSED SUBSTITUTION OF ATTORNEY<br><br>(Doc. 14) |

　　　　On April 20, 2020, Plaintiff's counsel filed a "Consent Order Granting Substitution of Attorney," (Doc. 14), which states that "Plaintiff Maria Nino, Pro Se" substitutes as counsel of record for herself, in place of her attorneys Zachary D. Schorr, Esq., and Melissa Marquez, Esq. (*Id.* at 1.)  As explained below, because Plaintiff's counsel's withdrawal from the case would leave Plaintiff *in propria persona*, counsel must comply with Local Rule 182(d).

　　　　An attorney may not withdraw as counsel of record except by leave of court, and granting leave to withdraw is discretionary.  *See Warkentine v. Soria*, CASE NO. 1:13-cv-1550-MJS, 2014 WL 12773794, at *1 (E.D. Cal. Dec. 23, 2014) (citing *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); *Darby v. City of Torrance*, 810 F.Supp. 275, 276 (C.D. Cal. 1992)).  A motion to withdraw as counsel must comply with the terms of Local Rule 182.  *See* E.D. Cal. 182(d).

　　　　Here, Plaintiff's counsel's filing fails to comply with Local Rule 182(d), which states:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

E.D. Cal. L.R. 182(d). Plaintiff's request is instead filed as a "Consent Order Granting Substitution of Attorney" under Local Rule 182(g), as opposed to a "noticed motion" to withdraw as counsel that includes the information required by Local Rule 182(d).

Accordingly, because Plaintiff's counsel's filing fails to comply with Local Rule 182(d), the "Consent Order Granting Substitution of Attorney," (Doc. 14), is DENIED WITHOUT PREJUDICE to re-filing in compliance with the Local Rules.

IT IS SO ORDERED.

Dated:   **April 23, 2020**                                  /s/ *Sheila K. Oberto*
                                                                       UNITED STATES MAGISTRATE JUDGE